**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David EARNEST, Defendant–Appellant.**

**No. 98–3020.**

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1999.

Decided July 21, 1999.

Amanda A. Robertson (argued), Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

John P. Buckley, Juliette M. Steffe (argued), Ronald F. Labedz, Ungaretti & Harris, Chicago, IL, for Defendant–Appellant.

Before BAUER, FLAUM, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

David Earnest returns to this Court asking us to vacate his sentence and remand his case to the district court for resentencing. In 1996, a jury found Earnest guilty of conspiring to distribute and possess with intent to distribute crack cocaine and of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Earnest to 420 months imprisonment on each count to be served concurrently. On appeal, Earnest challenged his conviction and sentence on several grounds, including most notably, that the district court improperly sentenced him by not requiring the government to prove by a preponderance of the evidence that the substance for which he had been convicted of engaging in the conspiracy to distribute and possessing was crack cocaine. In light of our decision in *United States v. Adams*, 125 F.3d 586, 592 (7th Cir.1997), in which we held that the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") enhancement for crack cocaine should not be automatically applied to all cases involving cocaine base, we remanded the case to the district court to determine if Earnest had waived his right to challenge the enhancement by not objecting to the use of the term "crack" throughout his trial, and, if not, whether the government could prove by a preponderance of the evidence that the substance in question was crack cocaine. *See United States v. Earnest*, 129 F.3d 906, 916 (7th Cir.1997) ("*Earnest I*"). The district court concluded that Earnest had waived his right to challenge the enhancement, and, even if he had not, a preponderance of the evidence in the trial record established that the substance was crack cocaine. Earnest now appeals the district court's conclusions.

The background facts of this case are set forth in *Earnest I*, 129 F.3d at 908–10.

We will not repeat them here. Instead, we turn to the facts surrounding Earnest's trial and sentencing hearing only as they relate to his current appeal.

The government charged Earnest and his codefendants with "knowingly and intentionally conspir[ing] with each other and with others known and unknown to distribute and possess with intent to distribute *crack cocaine*, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1)" and "knowingly and intentionally possess[ing] with intent to distribute diverse quantities of *crack cocaine*, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)." (Emphasis added). During the trial, both the government and defense attorneys, as well as many of the witnesses, identified the substance in question as "crack," "cocaine base," "cocaine," "rock," "dope," and "drugs." They appeared to have used these terms interchangeably. Two Federal Bureau of Investigation agents testified that the substance was "crack." The government's informant testified that the substance she had obtained from the defendants was "crack." Other law enforcement officers similarly used the term "crack" when describing the substance. Earnest's co-defendants testified that they were selling "crack." At no time during the presentation of evidence did Earnest or his attorney object to the use of the term "crack" by any attorney or witness. In fact, during cross-examination, Earnest's attorney used the term herself. Earnest also accepted the characterization of the substance as "crack cocaine" during his own testimony. The only witness who appears not to have used the term is the government's expert witness, Ileana Suarez–Hale, a forensic chemist, who testified that the substance was "cocaine base." The forensic report admitted into evidence described the substance as an "off-white, chunky substance" coupled with the finding that it was "Cocaine (present as the base)."

The only objection Earnest made in regard to the use of this term throughout his trial was its use as part of a jury instruction. That objection, however, was based on the ground that it constituted slang and would be prejudicial, not that it inaccurately described the substance in question. The district court overruled the objection.

After the jury convicted Earnest specifically of the conspiracy involving *crack cocaine* and possession of *crack cocaine*, the district court conducted a sentencing hearing. At this point, Earnest objected to the characterization of the substance as "crack cocaine." He also objected to the Presentence Investigation Report, which referred to the substance as "crack cocaine." He requested an evidentiary hearing during which the government would have to prove by a preponderance of the evidence that the substance was in fact crack cocaine. Over her own reservations, Earnest's attorney provided the court with a copy of *United States v. James,* 78 F.3d 851, 858 (3d Cir.1996), which provides that the Sentencing Guideline enhancements for crack cocaine are not always applicable to crimes involving cocaine base because, while crack cocaine is a form of cocaine base, not all cocaine base can be characterized as crack cocaine. Earnest's attorney cautioned the court that she believed the law of this Circuit was that crack cocaine and cocaine base were synonymous terms under *United States v. Booker,* 70 F.3d 488 (7th Cir. 1995). After considering both cases, the district court overruled Earnest's objection and sentenced him, applying the enhancement for crack cocaine.

Earnest appealed his conviction and sentence on four grounds, but we remanded the case solely for consideration of his challenges to his sentence. In light of *Adams,* we remanded the case "to the district court to determine whether defendant waived his right to contest the enhanced sentence by admitting that the substance was crack and, if not, whether the government can prove by a preponderance of the evidence that the substance in ques-

tion was crack." *Earnest I,* 129 F.3d at 917. On remand, the district court examined the record and concluded that Earnest had waived his right to challenge the enhancement because he and a number of witnesses acknowledged the substance in question was crack cocaine; he had failed to object to this characterization at trial, even though he had ample opportunity to do so; and the evidence overwhelmingly supported the conclusion that the substance was crack cocaine.

Earnest contests these findings, arguing that the use of the terms "crack" and "crack cocaine" during the trial without objection on his part did not constitute a knowing and voluntary waiver as to the composition of the substance for the purpose of sentencing. In addition, he contends that if this Court concludes he had waived his right to challenge the enhancement on these grounds, his sentence should be vacated and he should be resentenced because his counsel was ineffective.

We, first, consider Earnest's claims regarding the district court's findings on the sentencing issue. We review district court factual findings for clear error. *See United States v. Valenzuela,* 150 F.3d 664, 667 (7th Cir.1998). To invoke the crack cocaine enhancement, the government must prove by a preponderance of the evidence that the substance was crack cocaine and not another form of cocaine powder. *See United States v. Mattison,* 153 F.3d 406, 412 (7th Cir.1998). It is within the purview of the sentencing judge to determine what constitutes an illegal substance. *See United States v. Edwards,* 105 F.3d 1179, 1180 (7th Cir. 1997). After reviewing the proceedings before the district court, we find no need to determine conclusively whether Earnest waived his right to challenge this issue because sufficient evidence exists in the record to sustain the district court's finding that the substance was in fact crack cocaine.

■ As we noted in *Earnest I*, substantial evidence exists in the record to support a finding that the substance in question was crack cocaine.

Unlike the situation in *James* where the indictment, the defendant, and the court at the plea colloquy spoke in terms of cocaine base, the indictment here charged defendant Earnest with the distribution and possession of "crack cocaine," defendant, counsel, and the court referred to the substance as crack cocaine at trial, witnesses testified that defendant was involved in distributing "crack cocaine," codefendant Humphries admitted that he had been involved in crack cocaine distribution with the defendant, agents testified that defendant admitted involvement in crack cocaine distribution, and the court found that defendant had not testified reliably.

129 F.3d at 917.

■ Earnest claims that the district court erred by ignoring that the term "crack" was used interchangeably with other, albeit more general, terms applicable to the substance and not inconsistent with the characterization of it as crack cocaine. We disagree with Earnest's assertion that the use of these more general terms makes any conclusion that the substance was crack cocaine suspect. While precise language is always preferred, we do not live in a world in which people use only the most specific term when speaking. A witness using the term "drug" or "dope" or "cocaine" in addition to the term "crack" does not mean that the substance about which she is speaking is not crack cocaine. In light of the additional evidence before the district court, the use of the various terms alone is not enough to demonstrate that the witnesses, attorneys, and defendant did not know what the substance was or believed it to be something other than crack cocaine.

This point is strengthened by the fact that the witnesses who testified were no strangers to crack cocaine. As we have recognized in similar cases, "those who smoke, buy, or sell this stuff [crack cocaine] are the real experts on what is crack." *United States v. Bradley*, 165 F.3d 594, 596 (7th Cir.1999). The government's expert also referred to the substance as "cocaine base." Crack cocaine is a form of cocaine base, *see Adams*, 125 F.3d at 593. Simply put, " 'cocaine base' is broader than the term 'crack.' " *Id.* In addition, her report described the substance as an "off-white, chunky substance," which is language extremely similar to that used by the Sentencing Guidelines in its definition of cocaine base for purposes of the enhancement: " 'crack' . . . [which] is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a *lumpy, rocklike form.*" U.S.S.G. § 2D1.1(c)(D) (emphasis added). Thus, while it is true the expert did not narrow her analysis to conclude the exact type of cocaine base the substance was, her finding is by no means inconsistent with the testimony of the other witnesses who characterized the substance as crack cocaine.

Earnest also asserts that in making its findings the district court erroneously relied upon *United States v. Hall*, 109 F.3d 1227 (7th Cir.) *cert. denied*, —— U.S. ——, 118 S.Ct. 153, 139 L.Ed.2d 99 (1997), because that case relied upon a case since invalidated by the reconfiguration of the crack cocaine enhancement. In *Hall*, this Court examined the issue of the equivalency between cocaine base and crack cocaine in light of *Booker*. The latter case defined cocaine base as the equivalent of crack cocaine. However, in 1993 the Sentencing Guidelines were amended, changing the definition of crack cocaine as it relates to this particular enhancement. The cases interpreting the post–1993 Sentencing Guidelines conclude that cocaine base and crack cocaine are not identical for Sentencing Guidelines purposes. *See, e.g., James*, 78 F.3d at 858; *see also United States v. Munoz–Realpe*, 21 F.3d 375, 377 (11th Cir. 1994). Thus, in one sense Earnest is cor-

rect that *Hall's* definition of cocaine base constituting crack cocaine in reliance upon *Booker* is not the appropriate law for his sentencing.

The district court's reliance on *Hall*, however, rested on a broader proposition that does not turn on the definition of cocaine base. The district court looked to *Hall's* conclusion regarding the manner by which witnesses testified about the substance in question. In *Hall*, we noted that "[w]itness after witness testified that the substance defendants distributed was 'crack,'" such "testimony is particularly persuasive given that the Guidelines define 'crack' with reference to how that term is used on the street." 109 F.3d at 1236 (citations omitted). The 1993 Sentencing Guidelines are consistent with this statement; they retain the reference to "crack" constituting a "street name." U.S.S.G. § 2D1.1(c) note (D). *Hall* deals with testimony in which witnesses used the term "crack," not "cocaine base." *See* 109 F.3d at 1236. Therefore, the principle that when "witness after witness" testifies that the substance in question is indeed crack cocaine, such testimony is persuasive evidence that the substance is crack cocaine withstands the change in the Sentencing Guidelines. It is this principle upon which the district court appears to have relied when sentencing Earnest, not the specific definition of crack cocaine under the Sentencing Guidelines.

Similar cases support this conclusion. For example, we have concluded that a district court's finding that the substance involved was crack cocaine based upon the Presentence Investigation Report, testimony of experts, as well as testimony of other witnesses was not erroneous. *See Mattison*, 153 F.3d at 412. Similarly, a defendant's admission that a substance was crack cocaine to undercover officers, his acceptance of statements made by others in the district court during his plea hear-

ing, and the use of the term by his counsel during his sentencing hearing were also sufficient evidence upon which a district court could conclude that the substance in question was crack cocaine. *See Valenzuela*, 150 F.3d at 668. Like the courts in these cases, the district court in this case had more than enough evidence, including the testimony of a variety of witnesses and the defendant himself, before it to conclude that the substance was crack cocaine.

Earnest's second challenge on appeal is that he received ineffective assistance of counsel if, as the district court concluded, he waived his right to challenge the nature of the substance by failing to object to the use of the term "crack" during trial and sentencing. Even though we need not address whether he did waive his right to challenge that issue, we will briefly consider his ineffective assistance of counsel claim.[1]

The Sixth Amendment of the U.S. Constitution provides criminal defendants with a right to assistance of counsel. *See* U.S. Const. amend. VI. In turn, the Supreme Court recognizes that this right includes "the right to the *effective* assistance of counsel." *United States v. Cronic*, 466 U.S. 648, 654, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (citation omitted). Earnest claims that because his attorney loosely used the term "crack" during trial, failed to object to the use of that term when employed by witnesses and the government during trial, and relied upon "out dated" case law during trial and sentencing, he was, in effect, denied effective assistance of counsel. We disagree.

We evaluate ineffective assistance of counsel claims under the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir.1991).

1. We need not address this issue because even if Earnest had not waived his right to challenge the district court's finding that the substance was crack cocaine, substantial evidence in the record supports such a conclusion.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

■■■ Earnest fails to establish that his attorney's performance was deficient. We determine whether an attorney's performance is deficient based upon an objective standard of reasonableness. *See United States v. Sherwood*, 770 F.2d 650, 655 (7th Cir.1985). In considering these claims, we will "giv[e] a high degree of deference to counsel, and mak[e] every effort to evaluate the conduct from counsel's perspective at the time without the distorting effects of hindsight." *Id.* Our review of the record indicates that Earnest's attorney performed reasonably. Although she did not challenge the use of the term "crack" and used the term herself, the fact that her client used it when testifying makes it difficult for us to see how objecting to others using the term would have served any purpose.

■■■ Earnest's other contention is that his attorney improperly relied on out-of-date case law—namely *Booker*—that stated cocaine base was synonymous with crack cocaine. At the time of trial (early summer 1996), *Booker* was good law in this Circuit. The cases to which Earnest referred were from other circuits, namely the Third and Eleventh Circuits, and in no way binding on a court in the Seventh Circuit. In *Adams*, we decided to adopt the view taken by these courts, but that case was not decided until 1997, well after the trial had ended. Even though Earnest's attorney did not err by relying upon this Court's most recent decision on the matter, Earnest's assertion is substantially undermined by the fact that while his attorney may have disagreed with his belief as to the state of the law, she still submitted a copy of *James*, in which the Third Circuit stated that while all crack cocaine is cocaine base, not all substances identified as cocaine base are crack cocaine, to the district court. Thus, the district court had ample opportunity to consider both views. It is difficult for us to see how these actions, which comported with the wishes of her client at the time, should amount to deficient performance.

■■■ Even if we did conclude that these actions somehow constituted deficient performance, Earnest's ineffective assistance of counsel claim still falls short of its mark because he cannot establish how these actions prejudiced the outcome of his case. To meet the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. We find no validity to Earnest's argument that but for her use of the term "crack," her failure to object to the use of the term "crack," and her reliance on *Booker*, he would not have been sentenced under the crack cocaine enhancement of the Sentencing Guidelines.

It is true that if the substance in question had not been crack cocaine, Earnest would have received a lower sentence, making any potential error as to its identification potentially prejudicial. *See Nichols v. United States*, 75 F.3d 1137, 1144–45 (7th Cir.1996). However, overwhelming evidence from a variety of witnesses, including Earnest himself, supports the district court's conclusion that the substance in question was crack cocaine. It was for

the district court to categorize the substance for sentencing purposes. In doing so, the court judged the credibility of the witnesses, including their use of different terms to describe the substance during their testimony, as well as Earnest's acceptance of the substance as crack cocaine during his own testimony. In addition, Earnest's attorney presented the district court with *James,* insuring that it was fully aware that at least one circuit dealt with the identification of cocaine base as crack cocaine in a different manner. Based upon the overwhelming evidence that the substance in question was crack cocaine, no reasonable possibility exists that but for her allegedly unprofessional actions, Earnest would not have received the sentence based on the crack cocaine enhancement.

Therefore, we AFFIRM the district court's order upholding its earlier enhancement of Earnest's sentence for crack cocaine under the Sentencing Guidelines because sufficient evidence supports the district court's finding that the substance in question was crack cocaine and because Earnest fails to establish an ineffective assistance of counsel claim.