In the
United States Court of Appeals
For the Seventh Circuit

No. 98-3799

United States of America,

Plaintiff-Appellee,

v.

James S. Linton,

Defendant-Appellant.


Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 93-CR-137--Thomas J. Curran, Judge.


Argued November 30, 2000--Decided December 15, 2000


Before Flaum, Chief Judge, and Easterbrook and Rovner, Circuit Judges.

Flaum, Chief Judge.  James S. Linton challenges his sentence based upon possession of crack, arguing that the government did not prove that he possessed that substance rather than a different form of cocaine base. For the reasons stated herein, we affirm.

I.  Background

On December 8, 1993 Linton filed a conditional guilty plea/1 to possession with intent to distribute a mixture containing in excess of five grams of cocaine base in violation of 21 U.S.C. sec. 841(a)(1). The district court accepted this plea on January 10, 1994 and held a sentencing hearing on April 6. The court calculated Linton's term of imprisonment as though he had "cocaine base" and sentenced him to 140 months. Linton's plea agreement, the sentencing report, and the statements made during the hearings regarding the guilty plea and original sentencing refer to the substance Linton possessed only as "cocaine base."

Linton filed a 28 U.S.C. sec. 2255 motion on August 26, 1996. On July 2, 1998, the district court granted this motion in part by vacating Linton's sentence, though not his conviction. The district court found that the government had not shown that Linton possessed "crack," which is

required to apply the enhancement for "Cocaine Base" under Sentencing Guidelines sec. 2D1.1(c). See United States v. Adams, 125 F.3d 586, 591 (7th Cir. 1997).

The district court held a resentencing hearing during two dates in October, 1998. The substance seized from Linton was no longer available to be examined. The government's evidence consisted of the testimony of Sergeant Michael Hartert, one of the police officers who searched Linton's apartment, and Roger Stahlke, a forensic scientist of the Wisconsin State Crime Laboratory. Both were experienced in identifying crack and other forms of cocaine base. Hartert verified that he had prepared an inventory report of the property taken from Linton during 1993, which described a number of "white-yellow chunky substance[s]." Hartert testified that crack is normally packaged in the corners of plastic bags, and the report described sixteen such bag parts taken from Linton's apartment. These bag corners had originally contained the "white-yellow chunky substance." The police inventory report never uses the term "crack." However, Hartert testified that, based on his experience in investigating narcotics violations, the substance was crack. Stahlke had analyzed the cocaine base taken from Linton's apartment. His initial laboratory report prepared in 1993 lists the relevant items as "knotted plastic baggies" containing "off-white solid[s]." Stahlke testified at the hearing that these solids were also "chunky." While the tests Stahlke performed demonstrated that the substance was cocaine base rather than powder cocaine, these analyses did not distinguish between crack and other forms of cocaine base. Nevertheless, Stahlke testified that, based on the appearance of the cocaine base and the manner in which it was packaged, the substance found in Linton's apartment was crack.

The district court decided that although the government's evidence was not overwhelming, it was sufficient to prove by a preponderance of the evidence that Linton possessed crack. The court used the base offense level for crack contained in Sentencing Guidelines sec. 2D1.1(c) to calculate Linton's sentence and resentenced him to 140 months. Linton appeals his sentence.

II. Discussion

Linton argues that the government did not satisfy its burden of proving that he possessed crack. The district court's determination of the kinds of drugs involved in an offense is reviewed for clear error. See United States v. Mattison, 153 F.3d 406, 412 (7th Cir. 1998); United States v. Valenzuela, 150 F.3d 664, 667 (7th Cir. 1998).

The government must prove by a preponderance of the evidence that the type of cocaine base the defendant possessed was crack. See United States v. Earnest, 185 F.3d 808, 811 (7th Cir. 1999); United States v. Bradley, 165 F.3d 594, 595 (7th Cir. 1999).

We find no reversible error in the district court's determination that Linton possessed crack or the sentence based on that finding. The present case is similar to United States v. Abdul, 122 F.3d 477 (7th Cir. 1997), where we upheld a district court's finding that a substance was crack based on "a veteran narcotics agent and a forensic chemist agree[ing] that Abdul's cocaine base was crack cocaine." Id. at 479; see also United States v. Branch, 195 F.3d 928, 934 (7th Cir. 1999). Hartert and Stahlke fit these occupational descriptions and both testified that they believed Linton possessed crack, based on the appearance and packaging of the substance. Besides such testimony, direct evidence of the visual characteristics of the cocaine base supports the district court's decision. The police report's description of Linton's cocaine base as a "white-yellow chunky substance" comports with the description of "crack" contained in the Sentencing Guidelines. U.S.S.G. sec. 2D1.1(c)(D) ("'Crack' . . . usually appear[s] in a lumpy, rocklike form."); see Earnest, 185 F.3d at 812 (relying in part on description of cocaine base as an "'off-white, chunky substance'" in upholding district court's finding that substance was crack); see also United States v. Griffin, 194 F.3d 808, 829 (7th Cir. 1999); Bradley, 165 F.3d at 596. Placement of the substance in the corners of plastic bags matches the standard way in which crack is prepared for sale. See Griffin, 194 F.3d at 829. The testimony of witnesses familiar with crack, combined with direct evidence that the substance had the appearance of and was packaged like crack, is sufficient to satisfy the government's burden of proof and permit a district court to conclude that a defendant possessed crack.

Linton's attempts to controvert the district court's determination are unsuccessful. Given the evidence produced at the resentencing hearing, the mere fact that no one at the plea hearing or the original sentencing referred to the substance as crack cannot preclude the district court's finding. See Earnest, 185 F.3d at 812. In addition, Linton failed to produce any affirmative evidence that the substance was some other form of cocaine base besides crack. See Bradley, 165 F.3d at 596; Abdul, 122 F.3d at 479-80. The government need only prove that the substance was more likely than not to have been crack, and it produced enough evidence to carry

its burden.

III.  Conclusion

Given the testimony of two experts in narcotics and uncontested factual findings regarding the appearance and packaging of the cocaine base that Linton possessed, the district court did not err in concluding that the substance was crack and sentencing Linton accordingly. Therefore, Linton's sentence is Affirmed.

/1
A suppression motion was decided against Linton before his plea, and his agreement preserved that issue for appeal to this court. We affirmed the district court's rejection of Linton's motion in an unpublished order. United States v. Linton, 41 F.3d 1511 (7th Cir. 1994) (table).