In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3232

United States of America,

Plaintiff-Appellee,

v.

Demitri Parker,

Defendant-Appelluit.

Appeal from the United States District Court
for the Central District of Illinois.
No. 99-40068--Michael M. Mihm, Judge.

Argued January 12, 2001--Decided April 5, 2001

Before Easterbrook, Diane P. Wood, and Williams, Circuit
Judges.

Williams, Circuit Judge.  Demitri Parker was
charged with possession with intent to distribute
over fifty grams of cocaine base ("crack") under
18 U.S.C. sec.841(b)(1)(A). At his sentencing
hearing, Parker attempted to withdraw his plea of
guilty in light of Apprendi v. New Jersey, 530
U.S. 466 (2000). The district court rejected the
withdrawal and sentenced him to life
imprisonment. Parker appeals his sentence,
arguing that the judge erred by not allowing him
to withdraw his guilty plea and in finding that
he possessed crack. For the reasons set forth
below, we affirm.

I

Parker was pulled over by two police officers
for allegedly violating state traffic laws. After
learning from their department dispatcher that
Parker's driving privileges had been revoked, the
officers placed him under arrest. Pursuant to the
arrest, one of the officers searched his vehicle
and found a large amount of suspected crack
cocaine. Parker was indicted for possession with
intent to distribute. His attempt to suppress
this evidence was unsuccessful.

Parker subsequently pled guilty to possession
with the intent to distribute cocaine base in

excess of fifty grams. There was no written plea agreement. As part of the plea colloquy, the trial judge asked Parker whether he understood that the government would have to prove beyond a reasonable doubt that he knowingly possessed cocaine base and that the amount he possessed exceeded fifty grams. When presenting its factual basis for the plea, the government stated that it would present evidence that the officers had discovered at least sixty-six grams of crack cocaine in their search. When asked by the court whether this amount was consistent with what he believed he had in his possession at the time, Parker responded "Yes."

During the sentencing hearing, Parker's counsel moved to withdraw Parker's guilty plea in light of Apprendi. The district court held that Apprendi did not create a fair and just reason for Parker to withdraw his plea. At the time of the plea, the court had informed Parker of the right to have the drug quantity determination made by a jury should he go to trial./1 Also at the hearing, the government introduced into evidence a copy of the state police laboratory report. The report verified that the substance found in Parker's car consisted of approximately sixty-six grams of cocaine but did not indicate whether the substance was crack. The court sentenced Parker to life imprisonment.

II
A

We review a trial court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. United States v. Seavoy, 995 F.2d 1414, 1420 (7th Cir. 1993). A court may permit a defendant to withdraw his guilty plea for "any fair and just reason." Fed. R. Crim. Pro. sec.32(e). The defendant bears the burden of proof. Seavoy, 995 F.2d at 1420. A trial court's decision to grant or deny a motion to withdraw a guilty plea is considered an abuse of discretion if no reasonable person would agree with its ruling. United States v. Hook, 195 F.3d 299, 305 (7th Cir. 1999).

Parker argues that he might have pled differently had he known that the government was required to prove that he possessed more than fifty grams beyond a reasonable doubt, as he believes, Apprendi requires. Indeed, a defendant may withdraw a plea that was involuntarily or unknowingly made. E.g. United States v. Groll, 992 F.2d 755, 760 (7th Cir. 1993) (reversing denial where defendant was unaware of available entrapment defense and court failed to adequately explain its reasoning). See generally United States v. Ellison, 835 F.2d 687, 692-93 (7th Cir.

1987). Parker's argument fails, however, because it assumes that he had a right to jury determination of drug quantity under Apprendi. Because Parker's sentence did not exceed the statutory maximum under 18 U.S.C. sec.841(b)(1)(A), Apprendi does not create for him a right to jury determination of the drug quantity alleged in his indictment./2 Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000). Furthermore, by pleading guilty, he waived any right to a jury trial and may not contend on appeal that any particular issue should have been submitted. United States v. Behrman, 235 F.3d 1049, 1054 (7th Cir. 2000); United States v. Fountain, 777 F.2d 351, 354 (7th Cir. 1985) (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969)); see also United States v. Champion, 234 F.3d 106, 110, n. 3 (2d Cir. 2000). Therefore the district court did not abuse its discretion.

B

Parker next challenges the district court's drug type finding. Because there was no Apprendi violation, the district court properly applied the preponderance of the evidence standard. Horton v. United States, No. 98-3481, 2001 U.S. App. LEXIS 5108, at * 16 (7th Cir. March 28, 2001). We review the district court's drug type determination for clear error. Linton, 235 F.3d at 329.

Parker argues that the government did not meet its burden of proof. To support his contention, he points to the laboratory report which fails to indicate whether the substance found in Parker's car was crack. Because there is other evidence in the record to support the district court's finding, we find no reversible error. United States v. Lumpkins, 845 F.2d 1444, 1450 (7th Cir. 1988).

The police officer who arrested Parker and searched his car was experienced in identifying crack and testified at Parker's motion to suppress hearing that the substance found was "chunky." The laboratory report Parker criticizes likewise described it as a "chunky" substance packaged in plastic bags. Parker presented no evidence to the contrary, but actually admitted during his Rule 11 plea colloquy that he possessed "crack." A district court may accept a defendant's plea colloquy statements as true. United States v. Ellison, 835 F.2d 687, 693 (7th Cir. 1987). Based on Parker's statement, together with the testimony of the arresting officer and the description in the laboratory report, the government met its burden. See Linton, 235 F.3d 328 (affirming district court's determination of drug type based on testimony of two witnesses

experienced in identifying crack and uncontested factual findings regarding the appearance and packaging of the cocaine base where government's laboratory analysis failed to identify the substance as "crack"). Therefore the district court did not clearly err.

III

For the reasons stated above, we AFFIRM.

/1 Under this court's precedent at that time, no defendant had a right to jury determination of drug quantity. United States v. Jackson, 207 F.3d 910, 920-21 (7th Cir. 2000). But the district judge correctly anticipated our decision in United States v. Nance, 236 F.3d 820, 825 (7th Cir. 2000), which partially overruled Jackson and held that a defendant does have such a right in instances where his sentence could be enhanced beyond the statutory maximum.

/2 The statute established a sentencing range from ten years to life, but as a result of Parker's prior convictions, the U.S. Sentencing Guidelines imposed a mandatory life sentence.