# In the
# United States Court of Appeals
## For the Seventh Circuit

————————

Nos. 03-2203, 03-2277 & 03-2278

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JESSE T. BUCHANAN,

*Defendant-Appellant.*

————————

Appeals from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
Nos. 02 CR 46, 95 CR 54, 96 CR 14—**John Daniel Tinder**, *Judge.*

————————

ARGUED FEBRUARY 26, 2004—DECIDED MARCH 25, 2004

————————

Before BAUER, POSNER, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* Jesse T. Buchanan sold cocaine to a government informant on four occasions during February and March of 2002; each transaction involved one ounce of cocaine. Buchanan was arrested on March 12, 2002. That same day a search of his girlfriend's apartment revealed numerous plastic baggies containing either a "white powdery substance" or an "off white rock like substance." On December 11, 2002 Buchanan was convicted of possession and distribution of cocaine.

At the sentencing hearings the district court determined that, of the substances found in the baggies at the apart-

ment, 157.1 grams was "cocaine base" or "crack".[1] Under the Federal Sentencing Guidelines, crack is subject to significantly higher offense levels than cocaine. As a result of the Judge's determination, Buchanan's base offense level was 34 and he was sentenced to 400 months in prison. Buchanan appeals his sentence; we affirm.

## Discussion

Buchanan appeals his sentence for two reasons: (1) he believes the district court did not make sufficient factual findings during sentencing; and (2) he believes the government failed to prove by a preponderance of the evidence that the 157.1 grams of cocaine base attributed to him was crack.

### I.  Sufficiency of District Court Findings

We review the first issue (whether the district court failed to follow proper procedure) de novo. *United States v. Taylor*, 135 F.3d 478, 481 (7th Cir. 1998). Buchanan argues that the district court failed to make sufficient factual findings when it determined that the substance found at the apartment was crack, and not cocaine. Federal Rule of Criminal Procedure 32 requires the district court to make a factual

---

[1]  The Guidelines actually create punishment for "cocaine base." The Guidelines go on to state, " 'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S.S.G. § 2D1.1(c), App. Note D. It is unclear to this court whether crack is synonymous with cocaine base, or merely a subset of it, however resolution of that issue is not necessary at this time because it is clear that the substance in question here was crack.

finding on any "disputed portion of the presentence report" that will affect sentencing. We note that there are "no magic words" that the district court must use in making its findings. *United States v. McKinney*, 98 F.3d 974, 982 (7th Cir. 1996). Additionally, "[a]ll that is required for the district court to comply with its obligation . . . is that it give enough reasoning to allow the reviewing court to evaluate its decision." *United States v. Chatmon*, 324 F.3d 889, 893 (7th Cir. 2003).

This case bears similarity to the facts we examined in *Chatmon*. 324 F.3d at 889. In that case the defendant appealed the district court's finding regarding the quantity of crack he possessed. In affirming the district court's finding we stated, "the district court's explanation, after hearing extended argument from the parties, that it 'relied on the trial testimony in this matter for . . . determination of drug quantity' is adequate to allow for appellate review, and so we need not remand for further findings." *Id.* at 893; *see also United States v. Brumfield*, 301 F.3d 724, 735 (7th Cir. 2002) (holding district court's adoption of the presentence report constitutes sufficient findings).

As in *Chatmon*, here the district court stated, "[t]here is clear evidence in the record that the—approximately 157.1 grams of materials found in the middle top dresser drawer . . . was crack cocaine." (Br. of Defendant-Appellant at app. 17.) In this case we find the district court's reliance on the record adequate. At trial, the government presented the testimony of a forensic chemist who stated the 157.1 grams of cocaine base in question was "suitable for smoking" (unlike cocaine) and would be referred to on the street as "crack." In addition to the chemist's testimony, the government presented the testimony of an officer who described the substance, and provided a videotape displaying the substance.

Buchanan did not present evidence that the substance was not crack, but rather attacks inconsistencies in the

chemist's testimony. Specifically, Buchanan argues that the chemist's testimony was "unreliable" because he described the substance in question saying, "It was in more of a rock like form, a compressed powder form." Br. of Defendant-Appellant at 11. While this description is rather unclear and not particularly helpful in telling the court whether the substance was crack or cocaine (crack being rock-like, and cocaine being a powder), we note that the remainder of the chemist's testimony unequivocally identifies the substance as crack, and not cocaine, by describing its chemical content, melting point and street name, among other things. *See* Br. of Defendant-Appellant at 12 (providing a transcript of the testimony). Because of this, we do not find the chemist's testimony to be unreliable. The district court could properly rely on the evidence in the record in finding the substance to be crack for purposes of sentencing.

## II. Preponderance of the Evidence

Buchanan also believes that the prosecution failed to prove by a preponderance of evidence at sentencing that the 157.1 grams of cocaine base attributed to him was crack. We review the district court's factual findings for clear error. *United States v. Earnest*, 185 F.3d 808, 811 (7th Cir. 1999).

Buchanan argues that although the government presented evidence that the substance was crack, it did not present *enough* evidence. We disagree. The government's evidence consisted of a forensic chemist who testified the chemical composition of the substance was that of crack, an officer who described the physical appearance of the substance as resembling crack, and a videotape showing the substance in question. Buchanan argues that the inconsistency in the chemist's testimony and a statement made by Buchanan to the governmental informant that he "didn't mess with [crack]" overcomes the government's case. In

reviewing for clear error, we find that the district court's finding that Buchanan was in possession of crack was not error, clear or otherwise, and accordingly, we AFFIRM.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*