**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2006
Decided April 17, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 05-1872 | |
| | Appeal from the United States |
| UNITED STATES OF AMERICA, | District Court for the Western |
| *Plaintiff-Appellee,* | District of Wisconsin |
| | |
| *v.* | No. 04 CR 147 |
| | |
| KEYAWN D. DAVIS-COBBINS, | John C. Shabaz, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Keyawn Davis-Cobbins pleaded guilty to distributing "cocaine base" in violation of 21 U.S.C. § 841(a)(1). The district court indicated at sentencing that cocaine base and crack were interchangeable terms and thus calculated the guideline imprisonment range using the stiffer penalties applicable to crack. *See* U.S.S.G. § 2D1.1(c)(5). Davis-Cobbins was sentenced after the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), to 90 months' imprisonment to be followed by 5 years' supervised release. Davis-Cobbins argues on appeal that the district court abused its discretion in sentencing him according to the crack cocaine guidelines absent any evidence or testimony that the substance was the crack cocaine form of cocaine base. The government concedes that the district court erred when it stated that there was no distinction between cocaine base and crack, but argues that the court did not clearly err in sentencing Davis-Cobbins pursuant to the higher guideline range. Because the district court did not make the required

finding that the substance was crack, we vacate Davis-Cobbins's sentence and remand for resentencing.

On June 30, 2004, Davis-Cobbins sold 43.2 grams of cocaine base to a confidential source working with DEA agents. The probation officer described the drug in the Presentence Investigation Report (PSR) as cocaine base, and calculated Davis-Cobbins' sentence according to the higher guidelines range for the crack cocaine form of cocaine base. Davis-Cobbins did not object to the PSR, but at his sentencing hearing he requested that the government retest the drugs to determine whether they were cocaine base or crack in light of *United States v. Edwards*, 397 F.3d 570, 577 (7th Cir. 2005).

The district court denied the request and said, "Whether this is cocaine base or crack cocaine, I'll give him any politically correct nomenclature that you wish, but that's what's presently before the Court and the Court is now at sentencing and it believes that we should proceed with that sentencing." When questioned by the court, counsel for the government said, "Your Honor, we believe that it's -- crack cocaine I believe is cocaine base as well so --." The court then said,

> Well, I'm going to use the terms until I get reversed or there's something to the contrary, it's cocaine base slash crack, and the Court does believe that that's the appropriate definition. This, however, is going to be shown as 43.2 grams of cocaine base . . . . We will call it cocaine base because that's what the Indictment calls it, that's what he --that's what he pled guilty to and that's what the testing occurred [sic].

The court then sentenced Davis-Cobbins near the bottom of the proposed guidelines range to a term of 90 months' imprisonment.

Davis-Cobbins argues that he should have been sentenced consistent with the cocaine powder guidelines rather than those for crack cocaine because the government failed to prove that he distributed crack. In 1993 Congress added a definition of cocaine base to the sentencing guidelines: " 'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S.S.G. § 2D1.1(c), Note (D). We interpreted the definition to mean that only the form of "cocaine base" which is "crack" is eligible for the enhanced sentence under § 2D1.1. *United States v. Adams*, 125 F.3d 586, 592 (7th Cir. 1997). We recently reaffirmed this holding in *Edwards*, 397 F.3d at 577.

Federal Rule of Criminal Procedure 32(i)(3)(B) requires the district court to make a factual finding on "any disputed portion of the presentence report or other

controverted matter" that will affect sentencing. *See United States v. Buchanan*, 362 F.3d 411, 412 (7th Cir. 2004); *United States v. Chatmon*, 324 F.3d 889, 893 (7th Cir. 2003). This rule serves two purposes—it protects the defendant's due process right to be sentenced on the basis of accurate information and provides a clear record of the resolution of disputed facts for reviewing courts or agencies. *See United States v. Musa*, 946 F.2d 1297, 1307 (7th Cir. 1991); *United States v. Eschweiler*, 782 F.2d 1385, 1387-88 (7th Cir. 1986).

In the present case, Davis-Cobbins argued at sentencing that there was not sufficient evidence to show that he sold the crack form of cocaine base. Because he contested an issue related to sentencing, the district court was required to make a factual finding as to the kind of controlled substance he sold. *See Edwards v. United States*, 523 U.S. 511, 513-14 (1998) (Sentencing Guidelines instruct judge "to determine both the amount and the kind of 'controlled substances' for which a defendant should be held accountable—and then to impose a sentence that varies depending upon amount and kind."); *United States v. Griffin*, 194 F.3d 808, 829 (7th Cir. 1999) ("The sentencing court is required to determine whether the controlled substance at issue consisted of cocaine, crack, or both."). The district court did not do so, instead stating simply that cocaine base and crack were interchangeable terms. As a result, we are unable to evaluate whether Davis-Cobbins was properly sentenced pursuant to the higher guidelines range for crack cocaine.

Because the district court failed to make the required factual finding that Davis-Cobbins distributed the crack form of cocaine base, we VACATE Davis-Cobbins's sentence and REMAND for resentencing.