NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 3, 2010
Decided March 9, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-3758

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:06-cr-00521 |
| ALEXANDER SERRANO, *Defendant-Appellant.* | Blanche M. Manning, *Judge.* |

**O R D E R**

Alexander Serrano sold drugs to an informant who approached him wanting to buy crack cocaine. He pleaded guilty to a single count of distributing a controlled substance, 21 U.S.C. § 841(a)(1), but reserved the right to argue at sentencing that the substance, although cocaine, was not crack. The sentencing court found that it was crack and, because it weighed at least 50 grams, imposed the 10-year statutory minimum, *see id.* § 841(b)(1)(A)(iii).

Serrano filed a notice of appeal, but his appointed lawyers have concluded that the case is frivolous and move to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Serrano opposes counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential

issues addressed in counsel's facially adequate brief and in Serrano's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The district court concluded, by a preponderance of the evidence, that the cocaine Serrano sold was crack, not powder or some other form of cocaine base. The testimony of two forensic chemists supports that finding. The government also called FBI special agent Michael Culloton, who opined that recordings of conversations Serrano had with the informant and others established that he "cooked" powder cocaine into crack for the informant. Because the district court found that the substance was crack, the guidelines provided for a base offense level of 30. U.S.S.G. § 2D1.1(c)(5). After a 3-level credit for acceptance of responsibility, *id.* § 3E1.1, the imprisonment range would have been 78 to 97 months if not for the statutory minimum.

Serrano has told appellate counsel that he does not want his guilty plea vacated, and so counsel appropriately refrain from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). That leaves only the sentence. In their *Anders* submission, counsel first consider whether Serrano could argue that the district court erroneously admitted Agent Culloton's testimony and whether the evidence was sufficient to prove that the substance he distributed was crack. We agree that these contentions would be frivolous. We have held that drug type may be proved through testimony from people familiar with the drug, including law enforcement officers. *E.g.*, *United States v. Padilla*, 520 F.3d 766, 771 (7th Cir. 2008); *United States v. Linton*, 235 F.3d 328, 329-30 (7th Cir. 2000). And the testimony of two forensic chemists and a veteran FBI agent are more than enough to support the court's finding that Serrano distributed crack to the informant. *See United States v. Wilborn*, 576 F.3d 676, 678-80 (7th Cir. 2009); *United States v. Lake*, 500 F.3d 629, 634 (7th Cir. 2007); *United States v. Buchanan*, 362 F.3d 411, 413 (7th Cir. 2004); *see also United States v. Dumes*, 313 F.3d 372, 384 (7th Cir. 2002) (holding that sentencing court did not commit clear error in finding that substance was crack in view of recorded conversations referring to "cooking" cocaine).

Counsel also consider arguing that the district court should have concluded that the different statutory minimums for equal weights of crack and powder cocaine are unconstitutional given the degree of difference and the perceived disproportionate impact on black defendants. But we have rejected this argument repeatedly, *see United States v. Trice*, 484 F.3d 470, 476 (7th Cir. 2007); *United States v. Blanding*, 53 F.3d 773, 776 (7th Cir. 1995); *United States v. Chandler*, 996 F.2d 917, 918-19 (7th Cir. 1993), and thus counsel are correct to characterize the argument as frivolous. And because Serrano's constitutional argument would be frivolous, so too would be his contention that the district court should have imposed a sentence below the statutory minimum. Even if the court had wanted to

impose a sentence below the statutory minimum, sentencing courts have no authority to disregard statutory minimums. *Kimbrough v. United States*, 552 U.S. 85, 108 (2007); *United States v. Douglas*, 569 F.3d 635, 636 (7th Cir. 2009).

In his Rule 51(b) response, Serrano echoes the potential argument identified by counsel and then requests that we hold the appeal in abeyance because a bill has been introduced in Congress that would amend 18 U.S.C. § 3553 to allow sentencing courts to disregard statutory minimums as a matter of discretion. *See* Ramos-Compean Justice Act of 2009, H.R. 3327, 111th Cong. § 2 (2009). We decline to do so.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.