**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Corey G. WALLACE, Defendant–Appellant.**

No. 96–3799.

United States Court of Appeals, Seventh Circuit.

Argued April 30, 1997.

Decided June 4, 1997.

Gail Joy Hoffman (argued), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Franklyn M. Gimbel (argued), Gimbel, Reilly, Guerin & Brown, Milwaukee, WI, for Defendant–Appellant.

Before COFFEY, FLAUM, and DIANE P. WOOD, Circuit Judges.

FLAUM, Circuit Judge.

Corey Wallace challenges his sentence for conspiracy to possess and distribute marijuana on two grounds: he argues that the district court should have given him a third offense level reduction for timely acceptance of responsibility, U.S.S.G. § 3E1.1(b), and that the court erred in reducing his downward departure for substantial assistance to authorities, U.S.S.G. § 5K1.1, from three levels to one on the theory that Wallace had already gotten a "tremendous break" for acceptance of responsibility. We agree with Wallace on the latter contention, and reverse and remand for reconsideration of the § 5K1.1 departure.

## I.

■ In March 1996 Wallace and others were charged with conspiring to violate the federal narcotics laws. In early May Wallace indicated his willingness to plead guilty, and on June 24, the day his trial was to commence, he submitted a signed plea agreement. While on pretrial release, Wallace also participated in an undercover investigation of his drug supplier that led to an indictment in Arizona state court. Based on Wallace's early willingness to plead, the government recommended a three-level sentencing reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. For Wallace's investigatory cooperation, the government further moved for a three-level downward departure for substantial assistance to authorities, id. § 5K1.1. For reasons discussed below the district court disa-

greed, granting two levels for acceptance of responsibility and only one level for substantial assistance. Wallace appeals both rulings.[1] The government now abandons its former stance on these issues to defend the district court's rulings.

## II.

■ Turning first to acceptance of responsibility, there is no dispute that Wallace was entitled to an initial two-level reduction pursuant to subsection (a) of U.S.S.G. § 3E1.1. Wallace says that he should have received one further level under subsection (b), which provides in relevant part:

> (b) If the defendant ... has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
>
> (1) timely providing complete information to the government concerning his own involvement in the offense; or
>
> (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
>
> decrease the offense level by 1 additional level.

*Id.* § 3E1.1(b). It is the defendant's burden to establish entitlement to this reduction by a preponderance of the evidence, and we review the district court's factual determinations for clear error. *United States v. Wetwattana,* 94 F.3d 280, 285 (7th Cir.1996); *see also* 18 U.S.C. § 3742(e); *Koon v. United States,* —— U.S. ——, ——–——, 116 S.Ct. 2035, 2045–48, 135 L.Ed.2d 392 (1996).

Satisfying either subsection (b)(1) or (b)(2) would have entitled Wallace to the additional one-level reduction, but the district court found the defendant wanting. Regarding subsection (b)(1)'s requirement of "timely providing complete information," the court determined that Wallace had been deliber-

---

**1.** The appellant did not append the relevant portions of the sentencing hearing transcript to his brief. We advise counsel that this lapse burdens our review of the district court's oral rulings, transgresses Federal Rule of Appellate Procedure

30(a)(3) as well as Circuit Rule 30(a), and can justify sanctions. *See In re Galvan,* 92 F.3d 582 (7th Cir.1996). The court is satisfied that admonishment will suffice in this case.

ately evasive and dilatory in admitting the quantity of drugs involved in the conspiracy, judging from contradictory statements he had made in letters to the probation office relating his version of the offense. The district court's well-reasoned conclusion, reached with the benefit of observing Wallace himself, is reasonable and thus not clear error.

 Wallace argues under subsection (b)(2) that he satisfied his obligation of "timely notifying authorities of his intention to enter a plea of guilty." But the general rule is that "[a] defendant who 'stands poised on the brink of trial' is not entitled to a reduction under [sec. 3E1.1(b)(2) ]." *United States v. Covarrubias,* 65 F.3d 1362, 1367 (7th Cir. 1995) (citation omitted). As the commentary to the guideline explains, "the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." U.S.S.G. § 3E1.1(b)(2), comment. (n. 6).

At sentencing, the prosecutor stated that she had told the court clerk informally the week before trial that there would be a plea in Wallace's case and that she did not expect it to go to trial. Judge Curran noted that the well-established rule in his court was that only the filing of a plea agreement constituted sufficient notice to call off a trial. The judge denied the one-level reduction "because the court feels that to file a plea agreement on the morning of trial is not a timely filing and certainly does not provide this court with an opportunity to use its resources in other areas." [2]

At oral argument, Wallace's counsel forthrightly conceded that he knew all along that Judge Curran considered nothing less than a plea agreement to be sufficient notice, and

stated he had no quarrel with the reasonableness of the rule. It is uncontroverted that the court was not given the clear and unequivocal notice that it required, and that as a result its resources were expended when it summoned a jury venire and canceled scheduled civil cases to accommodate the anticipated criminal trial. Under these circumstances, the court certainly did not err in determining that Wallace had not met his burden of demonstrating entitlement to an offense level reduction for timeliness.

## III.

 We next consider whether the district court erred in granting only a one-level downward departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance to authorities. We generally lack jurisdiction to consider a defendant's challenge to a district court's discretionary decision regarding whether and how much to depart downward, with a salient exception for incorrect applications of the sentencing guidelines, 18 U.S.C. § 3742(a)(2); *see also United States v. Burnett,* 66 F.3d 137, 139 (7th Cir.1995). Stated differently, the district court's broad discretion does not extend to rewriting the guidelines. Because Wallace contends that the district court improperly applied the guidelines, we have jurisdiction to consider the question on appeal.

In weighing the government's motion for a three-level downward departure, the district court expressed concern at the brevity of the government's information in support of its "bare bones" motion, which was merely the prosecutor's secondhand description of what an Arizona detective had told her of the investigation and that detective's one-paragraph letter summarizing Wallace's cooperation.[3] The court, however, declined the government's offer to obtain more evidence,

---

**2.** Wallace emphasizes the district court's stated doubts as to whether he had really accepted responsibility, suggesting that the court settled on two levels rather than three as the sort of impermissible compromise we rejected in *United States v. Townsend,* 73 F.3d 747, 755 (7th Cir. 1996). But the transcript shows that this is not what happened. The district court made clear that, independent of its doubts, it denied the additional reduction for timeliness simply be-

cause it did not think that Wallace's actions were timely.

**3.** Application Note 3 to U.S.S.G. § 5K1.1 provides that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain."

finding that it had a sufficient picture of what happened. After considering how Wallace's potential sentence related to that of a codefendant, the court concluded:

> The issue is not whether [Wallace] has [a departure] coming or he doesn't have it coming, the issue is what level reduction should be awarded here. And frankly, I think that this defendant has received a tremendous break in the acceptance of responsibility factor of two levels, and under those circumstances the court is going to grant a single-level reduction.

Wallace points out that Application Note 2 to U.S.S.G. § 5K1.1 provides in part that "[t]he sentencing reduction for assistance to authorities shall be considered independently of any reduction for acceptance of responsibility." The government concedes that deducting credit for substantial assistance on the ground that Wallace had already been sufficiently rewarded for acceptance of responsibility was error, but maintains that the error was harmless because the district court articulated "some valid reasons" for the extent of its departure relating to the nature and extent of Wallace's assistance. Nonetheless, the court's own summary of its reasoning, quoted above, explicitly tied the choice of a one-level reduction to the "tremendous break" it believed Wallace had received for acceptance of responsibility. This does not appear to have been an idle or redundant observation, and so we cannot be confident that the district court considered the two provisions independently.

## IV.

Accordingly, we VACATE Wallace's sentence and REMAND for resentencing. The district court's ruling with respect to acceptance of responsibility is AFFIRMED. The sole issue on remand shall be the appropriate degree of downward departure attributable to Wallace's substantial assistance to authorities, judged in accordance with the views expressed herein.