132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco CRUZ, Defendant-Appellant.
 No. 97-2798.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 21, 1997.
Decided Dec. 1, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 CR 337-2; George M. Marovich, Judge.
 Before FLAUM, KENNETH and WOOD, Circuit Judges.
 
 ORDER
 
 1
 On December 27, 1996, Mr. Cruz entered into a blind plea of guilty to one count of robbery in violation of 18 U.S.C. § 2113(a). Due to Mr. Cruz's prior criminal history he was determined to be a career offender, U.S.S.G. § 4B1.1, with an offense level of 32, which was reduced by three levels to 29 for his acceptance of responsibility. The sentencing court determined that, with a Criminal History Category of VI and an adjusted offense level of 29, Mr. Cruz's Guideline sentencing range was 151 to 188 months. However, the court determined that application of the career offender provision overstated Mr. Cruz's criminal history and granted him a downward departure. He was subsequently sentenced to 128 months' imprisonment, to be followed by three years of supervised release, and was required to pay a special assessment of $100. Mr. Cruz appealed his sentence and his attorney now seeks leave to withdraw because, in his opinion, there are no nonfrivolous grounds for appeal. United States v. Tabb, 125 F.3d 583 (7th Cir.1997); United States v. Wagner, 103 F.3d 551 (7th Cir.1996); Anders v. California, 386 U.S. 738 (1967). Mr. Cruz was given notice of his counsel's motion pursuant to Circuit Rule 51(a) but has failed to respond. We grant the motion to withdraw and dismiss the appeal.
 
 
 2
 On May 24, 1996, Mr. Cruz, along with his codefendant, James Hogue, entered the Harris Bank in Rolling Meadows, Illinois. Each defendant had a demand note which read "Give me the money." Mr. Hogue approached a teller and handed her the demand note. The teller walked away from him into the lobby of the bank and proceeded to ignore him.[1] A second teller approached Mr. Hogue and he handed the note to her. At this time, Mr. Cruz stood five feet from Mr. Hogue. The teller placed a bundle of $20 bills, totaling $2,000, on the counter. Mr. Hogue grabbed the money and fled the bank with Mr. Cruz. They were subsequently apprehended by the Illinois State Police in Mr. Hogue's vehicle, at which time the $2000 was recovered from Mr. Hogue.[2]
 
 
 3
 In Wagner, we explained that an Anders brief should "explain[ ] the nature of the case and fully and intelligently discuss[ ] the issues that the type of case might be expected to involve." Wagner, 103 F.3d at 553. Later, in Tabb we stated that in an Anders situation it is inappropriate for counsel to merely raise the arguments suggested by the defendant and summarily conclude that all other issues would be frivolous. Tabb, 125 F.3d at 586. Counsel has met these standards.
 
 
 4
 Counsel, first states that Mr. Cruz could argue that his guilty plea was neither knowingly and voluntarily made, nor supported by a factual basis. However, counsel demonstrates, with citations to the relevant parts of the record, that the district court complied with all of the requirements of Federal Rule of Criminal Procedure 11 in accepting Mr. Cruz's guilty plea. United States v. Ranum, 96 F.3d 1020, 1024 (7th Cir.1996), cert. denied, 117 S.Ct. 773 (1997). Counsel additionally explained in a lucid and intelligent manner that Mr. Cruz's plea was supported by a factual basis. 18 U.S.C. § 2113(a); United States v. Reiswitz, 941 F.2d 488, 494 (7th Cir.1991). Further, counsel cites to the transcript to show that although Mr. Cruz underwent a psychiatric evaluation and was determined to have several mental disorders, they were not found to affect his competency to plead guilty.
 
 
 5
 Counsel next explains why any attempt to challenge the calculation of Mr. Cruz's sentence would be frivolous. Counsel explains that the sentencing court's determination that Mr. Cruz was a career offender, and subsequent calculation that his total offense level was 29, was not clearly erroneous. U.S.S.G. § 4B1.1; United States v. Madoch, 108 F.3d 761,765 (7th Cir.1997). Counsel also explains that the fact that the judge did not rule on whether Mr. Cruz was entitled to an offense level reduction for being a minor participant would not require a remand from the appeal of this case because Mr. Cruz's offense level was determined on the basis of his status as a career offender, which trumps all adjustments other than acceptance of responsibility. U.S.S.G. § 4B1.1. Mr. Cruz argued at sentencing that he should be given a downward departure and sentenced for a duration close to what his sentencing range would have been if the career offender provision was not applicable. The judge granted a downward departure but did not state that he was sentencing Mr. Cruz as if the career offender enhancement did not apply. Counsel, therefore, explains that as the district court has discretion in determining the extent of the departure, a ruling on the minor participant exception would have had no consequence on the total sentence imposed and would not require a remand. United States v. Wallace, 114 F.3d 652, 655 (7th Cir.1997) ("We generally lack jurisdiction to consider a defendant's challenge to a district court's discretionary decision regarding whether and how much to depart downward, with a salient exception for incorrect applications of the sentencing guidelines."); Bischel v. United States, 32 F.3d 259, 265 n. 6 (7th Cir.1994) ("this court simply lacks jurisdiction to review the extent of a downward departure from an otherwise lawful sentence.")
 
 
 6
 Lastly, Counsel states that on appeal Mr. Cruz could attempt to argue that he was denied the effective assistance of counsel. Mr. Cruz was initially represented by appointed counsel Andrea Gambino of the Federal Defender Program, until shortly before sentencing when his current attorney was appointed to represent him. Counsel has shown that not only was Mr. Cruz's plea entirely voluntary, but that it was a wise decision in light of the significant amount of evidence tending to establish his guilt. Additionally, counsel obtained a three point level reduction for acceptance of responsibility and a downward departure for Mr. Cruz. Counsel also demonstrated that Mr. Cruz's legal representation neither fell below an objective level of reasonableness nor resulted in prejudice. Wright v. Gramley, 125 F.3d 1038, 1041-42 (7th Cir.1997); Strickland v. Washington, 466 U.S. 668, 669 (1984). Therefore, any claim of ineffective assistance of counsel would be frivolous.
 
 
 7
 Counsel's brief complies with the standards we announced in Wagner and Tabb. He diligently explains the nature of the case, while thoroughly and intelligently analyzing any potential arguments that could be raised for reversal. We agree with counsel that there are no nonfrivolous issues that Mr. Cruz could raise in an appeal and, therefore, we GRANT the motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 The government argued at sentencing that Mr. Cruz actually handed the note to the first teller. Mr. Cruz denied ever giving a note to a teller. However, regardless of whether Mr. Cruz actually handed a teller the note he possessed, it would not affect the sentence he received
 
 
 [2]
 This was the third time that Mr. Hogue had robbed the Harris bank and his sixth bank robbery of the year. Mr. Hogue pleaded guilty pursuant to a plea agreement to six counts of bank robbery. He was sentenced to 151 month's imprisonment. He appealed his sentence, but voluntarily dismissed that appeal pursuant to Federal Rule of Appellate Procedure 42(b)