**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Aaron Earl BRIGHT, Defendant–**
**Appellant.**

No. 99–6157.

United States Court of Appeals,
Sixth Circuit.

Jan. 23, 2001.

Before BATCHELDER and COLE,
Circuit Judges; GRAHAM, District

Judge.[1]

## OPINION

GRAHAM, District Judge.

Defendant-appellant Aaron Earl Bright was charged by superseding indictment filed on February 27, 1998 in the Western District of Tennessee with one count of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846, one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

On August 25, 1998, appellant, pursuant to a plea agreement, entered guilty pleas to Count 1, the § 846 drug conspiracy charge, and Count 15, the money laundering conspiracy charge. In the plea agreement, the government agreed to recommend that the quantity of cocaine for purposes of relevant conduct be limited to not more than 490 grams, and that the value of the laundered funds for purposes of relevant conduct be limited to not more than $100,000.

The government agreed to recommend that the appellant receive credit for acceptance of responsibility, and further indicated that a motion for downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553 might be filed. The plea agreement further provided that Count 4 of the indictment, the § 841(a)(1) possession charge, would be dismissed at the time of sentencing.

A sentencing hearing was held in appellant's case on July 28, 1999. The probation officer calculated appellant's guideline

sentencing range as being 57–71 months, based on a total offense level of 21, criminal history category IV. The defendant received a three-level reduction for acceptance of responsibility. The only objection made by appellant to the presentence investigation report was to oppose the suggestion of the probation officer that an upward departure from appellant's criminal history category might be appropriate on the grounds that appellant's criminal history category understated the seriousness of appellant's criminal history.

The government filed a motion for downward departure pursuant to § 5K1.1. In so moving, counsel for the government stated:

> In looking at the presentence report. I'm sure the Court recognized that the government made a significant agreement with Mr. Bright at the outset by the recommendation on the relevant conduct. And of course that was in anticipation of his cooperation at that point.
>
> Mr. Bright did agree to cooperate. He provided a truthful proffer concerning his conduct and the conduct of others. He agreed to testify if necessary. However, Your Honor, that proved not to be necessary because the defendants about which he had information have all pled guilty in the case. So for that reason, Your Honor, the government would ask for a departure on his behalf.

Jt.App., pp. 231–232.

In sentencing appellant, the trial court noted that appellant had a "pretty extensive prior record, one that arguably is not fully reflected in the criminal history category that is ultimately assigned to him[.]" Jt.App., p. 233. The court further com-

---

1. The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

mented that appellant's criminal record "reflects a lot of instability and what I would call potentially dangerous, very dangerous conduct[.]" *Id.* The court observed that appellant had a serious substance abuse problem over the years. *Id.*, p. 234. The court stated that the government gave appellant "a very great benefit in terms of the agreement in this case." *Id.* The court noted that although the defendant cooperated to the best of his ability, the court could not "give him as much credit for that cooperation as I might under other circumstances." *Id.* The court further stated:

> Truthfully looking just at Mr. Bright and looking at what I think would be an appropriate sentence in this case, I probably would not depart downward at all. However, I do believe that it is—I don't think the Court ought to engage in sentencing that discourages people from cooperating. So I'm not going to do that, although I think the record in this case would fully warrant not departing downward at all and, in fact, considering an upward departure. But I'm not going to do either of those things because I just don't think—because beyond Mr. Bright, it's appropriate to send a message that there is some reward for cooperating and assisting authorities, although in this case the reward is going to be fairly modest.

*Id.*, pp. 234–235.

The trial court departed downward and sentenced appellant to a term of imprisonment of 48 months, which was 9 months less than the bottom end of his guideline range. Appellant raised no objection to the trial court's findings or comments at the sentencing hearing, nor did he ask the

trial court to make more specific findings concerning the court's basis or reasoning for departure. A notice of appeal to this court was filed on August 6, 1999.

Appellant argues in his first assignment of error that the trial court erred by not considering the factors contained in § 5K1.1 as they applied to his particular case, and by failing to adequately address each of those factors on the record. He asserts in his second assignment of error that the trial court erroneously took into account the fact that he received a reduction for acceptance of responsibility in determining the extent of the downward departure.

The government argues that this court lacks jurisdiction to entertain appellant's appeal. The government cites to the well-established doctrine that this court has no jurisdiction over appeals contesting the extent of a downward departure, as such appeals do not fall under 18 U.S.C. § 3742.[2] *See United States v. Nesbitt*, 90 F.3d 164, 166 (6th Cir.1996); *United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir. 1991). *See also United States v. Alvarez*, 51 F.3d 36, 41 (5th Cir.1995)(holding that once the district court has a valid reason for departing, the resulting sentence is unreviewable unless it is in violation of federal constitutional or statutory law). Appellant argues that the alleged errors he raises involve "an incorrect application of the sentencing guidelines" and are therefore appealable under 18 U.S.C. § 3742(a)(2).

■ The government further argues that the defendant waived any objection to his sentence or the trial court's findings by failing to raise these issues at the sentenc-

---

**2.** A defendant may only appeal his sentence on the grounds that it: (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) represented an upward depar-

ture from the applicable guideline range; or (4) is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a).

ing hearing. A defendant is required to raise guideline sentencing issues initially before the sentencing judge, or such issues are deemed to be waived. *United States v. Cullens*, 67 F.3d 123, 124 (6th Cir.1995).

> If the system is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. For this reason, the law has developed that a failure to object results in a waiver. (Citations omitted).

*Id.* Thus, even if this court has jurisdiction to review appellant's arguments, such review would be limited to reviewing the sentence for plain error pursuant to Fed. R.Crim.P. 52(b).

■■■ A plain error is an error that is clear or obvious; plain error may be noticed by an appellate court if it affects substantial rights. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993); *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir. 1996). Courts of appeals have authority to correct plain errors, but are not required to do so, and should exercise their discretion to correct a plain error affecting substantial rights only if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings. *Olano*, 507 U.S. at 735–36, 113 S.Ct. 1770; *Barajas–Nunez*, 91 F.3d at 830.

In his first assignment of error, appellant argues that the trial court considered an improper factor in deciding whether to grant the government's motion. In this case, the trial judge stated that she was granting a downward departure because "it's appropriate to send a message that there is some reward for cooperating and assisting authorities[.]" Jt.App., pp. 234–235. Appellant argues that this reason does not adequately address his own individual cooperation, because it could serve as a basis for departure in every case in which the government makes a motion for downward departure under § 5K1.1.

Assuming *arguendo* that we have jurisdiction to consider this argument as one involving "an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2), it is difficult to understand why appellant is raising an issue relating to the validity of the trial court's decision to depart downward. If in fact the trial judge erred in relying on her view that a message should be sent that cooperation deserved some reward, this would require a finding that the trial court improperly granted the government's motion for downward departure because the record indicates that this was her only reason for departure in this case. She stated at sentencing, "I think the record in this case would fully warrant not departing downward at all." Jt.App., p. 234.[3]

■■■ No error has been shown by reason of the trial court's consideration of this factor. The list of permissible factors in § 5K1.1(a) is not exclusive. Courts have held that only factors relating to a defendant's cooperation or substantial assistance may be used as a basis for granting a motion under § 5K1.1. *See United States v. Casiano*, 113 F.3d 420, 429 (3d Cir.), *cert. denied*, 522 U.S. 887, 118 S.Ct. 221, 139 L.Ed.2d 155 (1997); *United States v. Luiz*, 102 F.3d 466, 469 (11th Cir.1996); *United States v. Mariano*, 983 F.2d 1150; 1157 (1st Cir.1993). This restriction is de-

---

**3.** This conclusion is buttressed by the statement of government counsel that, although the defendant provided a truthful proffer concerning his conduct and the conduct of others and agreed to testify, his testimony was not required because the defendants about which he had information pleaded guilty. Jt.App., pp. 231–232. Thus, the record would have supported a finding that appellant failed to provide *substantial* assistance.

signed to ensure that the decision to depart downward under § 5K1.1 is in fact based on the defendant's cooperation as opposed to some other mitigating factor unrelated to that cooperation. *Mariano,* 983 F.2d at 1156 ("[T]he substantial assistance provision is not to be used as a mechanism for short-circuiting other, more restrictive provisions of the sentencing guidelines.") However, "the district court retains wide discretion concerning whether to depart under section 5K1.1[.]" *Id.* at 1157.

■■■ While the reason stated by the trial judge was not one of the factors specifically included in § 5K1.1(a), it was nonetheless a factor related to the defendant's cooperation and therefore was a factor which could be considered by the district court in its discretion. However, even assuming that the reason offered by the court was not a valid basis for granting the § 5K1.1 motion, no substantial rights of appellant were prejudiced by this alleged error; rather, appellant benefited from it by reason of a nine-month sentence reduction. Thus, there is no basis for finding plain error here.

Appellant argues that the trial court should have analyzed the government's § 5K1.1 motion in terms of the factors listed in that provision, as applied to his case and made specific findings as to each of those factors.[4] There is no indication in the record that the trial judge failed to consider these factors, and in fact the record suggests the opposite. The trial court

heard the statement of government counsel concerning the appellant's cooperation, including information concerning the significance and usefulness of appellant's assistance, U.S.S.G. § 5K1.1(a)(1), the truthfulness of his proffer, U.S.S.G. § 5K1.1(a)(2), and the nature and extent of his assistance, U.S.S.G. § 5K1.1(a)(3). The court stated at the sentencing hearing that appellant "did cooperate and he did cooperate fully as I understand it to the best of his ability[.]" Jt.App. p. 234.

■■ Appellant made no objection to the adequacy of the trial court's findings at the sentencing hearing, and gave the trial court no opportunity to expand on her findings. Therefore, we must find plain error in order to reverse, and a finding of plain error is not warranted by the record or by applicable law. In determining whether to grant the government's motion, the sentencing court is not required to rely on every one of the factors listed in § 5K1.1(a). *United States v. Correa,* 995 F.2d 686, 687–88 (7th Cir.1993). The background commentary to that section states that the sentencing judge must "state the reasons for reducing a sentence under this section." U.S.S.G. § 5K1.1, Background Commentary. However, the district court is not required to examine each of the listed factors in § 5K1.1 on the record and explain exactly what weight it gives to each in its departure decision. *United States v. McCarthy,* 97 F.3d 1562, 1577 (8th Cir.1996). *Cf. United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.

---

4. U.S.S.G. § 5K1.1 provides:
   (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
   (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
(3) the nature and extent of the defendant's assistance;
(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
(5) the timeliness of the defendant's assistance.

1999)("There is no requirement—nor should there be—that a district court engage in a 'ritualistic incantation to establish consideration of a legal issue'. . .[n]or is there a requirement that a district court make specific findings relating to each of the factors [in 18 U.S.C. § 3553(a) ] considered.")(quoting *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.), *cert. denied*, 525 U.S. 954, 119 S.Ct. 386, 142 L.Ed.2d 319 (1998)).

■ In this case, the trial court did give her reason for granting the downward departure, and complied with the requirements of § 5K1.1. Even assuming that the appellant may raise this issue on appeal, he has failed to show how the trial court's failure to specifically address each of the § 5K1.1(a) factors in determining whether to grant the § 5K1.1 motion resulted in any prejudice to him since the trial court granted the motion. To the extent that appellant is attempting to challenge whether or in what manner the trial court considered the § 5K1.1 listed factors in determining the *extent* of the downward departure, we lack jurisdiction to consider such an argument. As the *McCarthy* court noted:

> We decline the invitation to further circumscribe the district court's discretion by requiring it to examine each of the listed factors in § 5K1.1 on the record and explain exactly just what weight it gives to each in its departure decision. All the statute and the Guidelines require is that the reasons for the departure be stated. 18 U.S.C. § 3553(c); USSG § 5K1.1(a). [Appellant's] argument to the contrary is merely an attempt to do an end run around our cases which hold that we cannot review the extent of a § 5K1.1 downward departure. Accordingly, the district court's decision declining to depart further is unreviewable.

97 F.3d at 1577. Reversal is not required under appellant's first assignment of error.

■ In his second assignment of error, appellant alleges that the trial court improperly considered the fact that he received a reduction of three offense levels for acceptance of responsibility in determining the extent of the downward departure. Appellant relies on U.S.S.G. § 5K1.1, comment.(n.2), which provides:

> The sentencing reduction for assistance to authorities shall be considered independently of any reduction for acceptance of responsibility. Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant, while acceptance of responsibility is directed to the defendant's affirmative recognition of responsibility for his own conduct.

U.S.S.G. § 5K1.1, comment. (n.2). The appellant argues that such an error would be subject to appeal under § 3742(a)(2) as an incorrect application of the sentencing guidelines, citing *United States v. Wallace*, 114 F.3d 652, 655 (7th Cir.1997), where the court assumed jurisdiction over an issue involving Application Note 2.

Even assuming that we have jurisdiction to consider this issue, appellant's contentions are not supported by the record in this case. Unlike the trial judge in *Wallace*, who specifically commented that the defendant had received "a tremendous break in the acceptance of responsibility factor of two levels" in imposing sentence. *see Wallace*, 114 F.3d at 656, at no point did the trial court in this case specifically state that she took the three-level reduction for acceptance of responsibility into account in determining the extent of the departure.

The record reveals that government counsel made reference to the fact that "the government made a significant agree-

ment with Mr. Bright at the outset by the recommendation on the relevant conduct." Jt.App. pp. 231–32. No reference was made by government counsel to the government's promise in the plea agreement to recommend a reduction for acceptance of responsibility. Therefore, when the court stated that the "government also did give Mr. Bright a very great benefit in terms of the agreement in this case." Jt. App. p. 234, there is no reason to infer, as appellant argues, that the court must have considered the plea agreement as a whole, including the acceptance of responsibility provision, as opposed to the relevant conduct provision to which government counsel specifically referred in his statement, in determining the degree of departure.

The fact that the court later told appellant that he had "received in this case a very, very favorable sentence *when one considers the extent of your involvement in this matter*," Jt.App. p. 235 (emphasis supplied), further supports the likelihood that the trial court was thinking in terms

of relevant conduct. In addition, the trial court specifically referred to other factors which influenced her decision on the extent of the departure, namely, appellant's extensive criminal record and substance abuse problem, *see* Jt.App. pp. 233–34, but made no reference to the acceptance of responsibility reduction.

Again, since appellant made no objections to the trial court's findings, we must find plain error in order to reverse. There is simply no basis for inferring from this record that the trial court took the acceptance of responsibility reduction into account in fashioning the downward departure.[5] There is no clear or obvious error here, and this court declines appellant's invitation to recognize plain error in the district court's sentencing procedures. Appellant's second assignment of error advances no grounds warranting a reversal of his sentence.

For the reasons stated above, the judgment of the trial court is hereby AFFIRMED.

**5.** Even assuming that the trial court did weigh the acceptance of responsibility reduction in determining the extent of the departure, it is open to argument whether Application Note 2 would preclude consideration of this factor for that purpose. The court in *Wallace* did not discuss Note 2 in detail because the government conceded error. *See Wallace*, 114 F.3d at 656. However, another court has stated that Note 2 "indicates simply that the sentencing court is to undertake *sequential* inquiries under sections 3E1.1 and 5K1.1, since the two independent standards require the court to balance and weigh different criteria." *United States v. Nunez–Rodriguez*, 92 F.3d 14, 21 (1st Cir.1996)(emphasis in original).

Language in other cases suggests that the purpose behind the Note 2 was to clarify that mere acceptance of responsibility was not a sufficient basis for requiring or granting a § 5K1.1 motion. *See United States v. Williams*, 176 F.3d 301, 308 (6th Cir.1999)("[Defendant's] acceptance of responsibility is not the same as substantial assistance (even if sometimes lack of the for-

mer is used to bolster an argument for failing to depart on the latter), and his three-level reduction for acceptance of responsibility in no way obligates the government to ask for a departure."); *United States v. Aslakson*, 982 F.2d 283, 284 (8th Cir.1992)(reduction for acceptance of responsibility serves a different purpose than a downward departure for substantial assistance; court lacked authority to depart downward for substantial assistance in the absence of a § 5K1.1 motion, even though defendant claimed extraordinary acceptance of responsibility), *cert. denied*, 507 U.S. 1041, 113 S.Ct. 1875, 123 L.Ed.2d 493 (1993). Further, "it does not follow that limiting the district court's basis for departure to the type of considerations outlined in § 5K1.1(a) means that the court should be similarly limited in its decision not to depart at all or to limit the extent of the departure." *Casiano*, 113 F.3d at 430. However, a resolution of this question is not required in this case since the record here discloses no reasonable basis for concluding that the trial court considered the reduction for acceptance of responsibility in calculating the departure.

240

ALICE M. BATCHELDER, Circuit Judge, concurring.

I fully agree with the panel's disposition of this case and its underlying reasoning. I write separately because I believe our inquiry should end with the conclusion that we lack jurisdiction over the appeal. We ought not alternatively consider appellant's challenges to his sentence.

Appellant has not presented a colorable argument to support our jurisdiction. As the panel points out, it is well established that we have no jurisdiction to consider the appeal of a sentence not imposed in violation of law. Neither assignment of error even comes close to leading me to think that the district court imposed a sentence contrary to law.

Appellant claims that the district court sentenced pursuant to a "policy" in granting the government's § 5K1.1 motion. It is clear from the context of the judge's remarks at sentencing that no such thing happened here. Nor does the record anywhere support the contention that the sentencing judge took the three-level reduction for acceptance of responsibility into account in determining the extent of the departure.

These arguments amount to nothing more than dissatisfaction with the extent of the downward departure appellant received. Therefore, I conclude that we lack jurisdiction over this appeal. What's more, it is beyond frivolous for appellant to contest the imposition of a sentence inuring to his substantial benefit in this case.