UNITED STATES of America, Plaintiff–Appellee,

v.

Demitri PARKER, Defendant–Appellant.

No. 00–3232.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 2001.

Decided April 5, 2001.

---

Timothy J. Chapman, argued, Environmental Protection Agency, Chicago, IL, Jeffrey B. Lang, Office of U.S. Atty., Rock Island, IL, for Plaintiff.

George F. Taseff, argued, Office of Federal Public Defender, Peoria, IL, for Defendant.

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

Demitri Parker was charged with possession with intent to distribute over fifty grams of cocaine base ("crack") under 18 U.S .C. sec.841(b)(1)(A). At his sentencing hearing, Parker attempted to withdraw his plea of guilty in light of *Apprendi v. New*

*Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court rejected the withdrawal and sentenced him to life imprisonment. Parker appeals his sentence, arguing that the judge erred by not allowing him to withdraw his guilty plea and in finding that he possessed crack. For the reasons set forth below, we affirm.

**I**

Parker was pulled over by two police officers for allegedly violating state traffic laws. After learning from their department dispatcher that Parker's driving privileges had been revoked, the officers placed him under arrest. Pursuant to the arrest, one of the officers searched his vehicle and found a large amount of suspected crack cocaine. Parker was indicted for possession with intent to distribute. His attempt to suppress this evidence was unsuccessful.

Parker subsequently pled guilty to possession with the intent to distribute cocaine base in excess of fifty grams. There was no written plea agreement. As part of the plea colloquy, the trial judge asked Parker whether he understood that the government would have to prove beyond a reasonable doubt that he knowingly possessed cocaine base and that the amount he possessed exceeded fifty grams. When presenting its factual basis for the plea, the government stated that it would present evidence that the officers had discovered at least sixty-six grams of crack cocaine in their search. When asked by the court whether this amount was consistent with what he believed he had in his possession at the time, Parker responded "Yes."

During the sentencing hearing, Parker's counsel moved to withdraw Parker's guilty plea in light of *Apprendi*. The district court held that *Apprendi* did not create a fair and just reason for Parker to withdraw his plea. At the time of the plea, the court had informed Parker of the right to have the drug quantity determination made by a jury should he go to trial.[1] Also at the hearing, the government introduced into evidence a copy of the state police laboratory report. The report verified that the substance found in Parker's car consisted of approximately sixty-six grams of cocaine but did not indicate whether the substance was crack. The court sentenced Parker to life imprisonment.

**II**

**A**

■■■ We review a trial court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Seavoy*, 995 F.2d 1414, 1420 (7th Cir.1993). A court may permit a defendant to withdraw his guilty plea for "any fair and just reason." Fed. R.Crim. Pro. 32(e). The defendant bears the burden of proof. *Seavoy*, 995 F.2d at 1420. A trial court's decision to grant or deny a motion to withdraw a guilty plea is considered an abuse of discretion if no reasonable person would agree with its ruling. *United States v. Hook*, 195 F.3d 299, 305 (7th Cir.1999).

■■■ Parker argues that he might have pled differently had he known that the government was required to prove that he possessed more than fifty grams *beyond a reasonable doubt*, as he believes, *Apprendi* requires. Indeed, a defendant

---

1. Under this court's precedent at that time, no defendant had a right to jury determination of drug quantity. *United States v. Jackson*, 207 F.3d 910, 920–21 (7th Cir.2000). But the district judge correctly anticipated our decision in *United States v. Nance*, 236 F.3d 820, 825 (7th Cir.2000), which partially overruled *Jackson* and held that a defendant does have such a right in instances where his sentence could be enhanced beyond the statutory maximum.

may withdraw a plea that was involuntarily or unknowingly made. *E.g. United States v. Groll*, 992 F.2d 755, 760 (7th Cir.1993) (reversing denial where defendant was unaware of available entrapment defense and court failed to adequately explain its reasoning). *See generally United States v. Ellison*, 835 F.2d 687, 692–93 (7th Cir. 1987). Parker's argument fails, however, because it assumes that he had a right to jury determination of drug quantity under *Apprendi*. Because Parker's sentence did not exceed the statutory maximum under 21 U.S.C. § 841(b)(1)(A), *Apprendi* does not create for him a right to jury determination of the drug quantity alleged in his indictment.[2] *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir.2000). Furthermore, by pleading guilty, he waived any right to a jury trial and may not contend on appeal that any particular issue should have been submitted. *United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir.2000); *United States v. Fountain*, 777 F.2d 351, 354 (7th Cir.1985) (quoting *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)); *see also United States v. Champion*, 234 F.3d 106, 110, n. 3 (2d Cir.2000). Therefore the district court did not abuse its discretion.

### B

Parker next challenges the district court's drug type finding. Because there was no *Apprendi* violation, the district court properly applied the preponderance of the evidence standard. *Horton v. United States*, 244 F.3d 546, 552 (7th Cir.2001). We review the district court's drug type determination for clear error. *Linton*, 235 F.3d at 329.

Parker argues that the government did not meet its burden of proof. To support his contention, he points to the laboratory report which fails to indicate whether the substance found in Parker's car was crack. Because there is other evidence in the record to support the district court's finding, we find no reversible error. *United States v. Lumpkins*, 845 F.2d 1444, 1450 (7th Cir.1988).

The police officer who arrested Parker and searched his car was experienced in identifying crack and testified at Parker's motion to suppress hearing that the substance found was "chunky." The laboratory report Parker criticizes likewise described it as a "chunky" substance packaged in plastic bags. Parker presented no evidence to the contrary, but actually admitted during his Rule 11 plea colloquy that he possessed "crack." A district court may accept a defendant's plea colloquy statements as true. *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.1987). Based on Parker's statement, together with the testimony of the arresting officer and the description in the laboratory report, the government met its burden. *See Linton*, 235 F.3d 328 (affirming district court's determination of drug type based on testimony of two witnesses experienced in identifying crack and uncontested factual findings regarding the appearance and packaging of the cocaine base where government's laboratory analysis failed to identify the substance as "crack"). Therefore the district court did not clearly err.

### III

For the reasons stated above, we AFFIRM.

---

2. The statute established a sentencing range from ten years to life, but as a result of Parker's prior convictions, the U.S. Sentencing Guidelines imposed a mandatory life sentence.