UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles HENDERSON, Defendant–
Appellant.

No. 00–3723.

United States Court of Appeals,
Seventh Circuit.

Argued May 9, 2001.

Decided Aug. 6, 2001.

Before Hon. RIPPLE, Hon. MANION,
Hon. KANNE, Circuit Judges.

ORDER

I.

In June 1998, a grand jury returned a 25–count superseding indictment against Charles Henderson and twelve other defendants. The indictment charged Henderson in Count One with conspiracy to possess with intent to distribute, and to distribute, in excess of 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In February 2000, Henderson was arraigned and pleaded not guilty.

On June 7, 2000, however, Henderson changed his mind and pleaded guilty in the district court to Count One pursuant to a plea agreement. In the plea agreement, Henderson and the government agreed that he faced the statutory penalties of "a mandatory minimum of 10 years' imprisonment" and a "maximum of life imprisonment." These penalties are provided under 21 U.S.C. § 841(b)(1)(A), which permits a life sentence if 50 grams or more of cocaine base were involved in the offense. The parties also agreed to recommend to the sentencing court that the government "is able to establish by a preponderance of the evidence that the drug quantity attributable to the defendant is in excess of 1.5 kilograms of crack cocaine."

During the change of plea colloquy before the district court, Henderson acknowledged under oath that he understood the plea agreement, and that he faced the penalties of a minimum of 10 years' imprisonment and a maximum of life imprisonment. Henderson also confirmed that he agreed to recommend to the sentencing court that the drug weight, for the purposes of calculating his sentencing guideline range, was in excess of 1.5 kilograms of crack cocaine, that his base offense level would be 38, and that a two-level increase was applicable for possession of firearms during the offense. Moreover, after the district court explained to Henderson the conspiracy charge, Henderson confirmed to the court that he understood that he is responsible for the unlawful acts committed by his fellow conspirators while he was a member of the conspiracy.[1]

Later on in Henderson's change of plea hearing, the district court asked the government to proffer its factual basis of its case against Henderson. The government stated that it would establish through the testimony of witnesses that Henderson was involved in a large-scale conspiracy to distribute several kilograms of crack cocaine on a weekly basis. The testimony would also show that in December 1995, Henderson and another member of the conspiracy were arrested in Minneapolis by DEA agents who found Henderson and the other conspirator to be in possession of approximately 19 grams of crack cocaine, two handguns, and drug paraphernalia. According to other witnesses, Henderson agreed to deliver a half-kilogram of crack cocaine to another conspirator to start a drug business in the Milwaukee area. The government stated that the evidence would show that Henderson was also involved in the conspiracy's operations in the Los Angeles area, where Henderson would procure powder cocaine from sources in Los Angeles, cook the powder into crack cocaine, and then equip couriers with the crack cocaine for delivery to Milwaukee and other cities around the country.

After the government completed its proffer, the district court confirmed that Henderson heard the government's evidence, and then asked Henderson whether the proffer was "factually accurate insofar as it relates to your activities?" Henderson responded that the proffer was accurate, except that his role in the conspiracy was to carry out the instructions or relay the orders of other conspirators, not to issue the orders himself. Henderson did not deny that he was involved in the conspiracy, nor did he dispute the government's proffer that the conspiracy involved the production and distribution of several kilograms of crack cocaine.

Subsequent to Henderson's change of plea hearing, but before his sentencing, the Supreme Court issued *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). "In *Apprendi*, the Court held that factual findings that raise a defendant's sentence above the statutory maximum for the crime for which he is convicted must be considered elements of the offense rather than sentencing factors, and accordingly must be charged in the indictment and proved at trial beyond a reasonable doubt." *United States v. Mietus*, 237 F.3d 866, 874 (7th Cir.2001) (citing *Apprendi*, 530 U.S. 466,

---

1. Q. [District court] Do you understand that you as a conspirator are responsible for what may be committed by other fellow conspirators while you were a member of the conspiracy?

A. [Henderson] Like I'm responsible for someone else's acts while I'm a part of it.

Q. While you're a part of it.

A. Do I understand it, yes.

Q. And do you understand that that would include any acts that were in—that were committed in furtherance of the purpose of the conspiracy? Do you understand that?

A. Yeah.

120 S.Ct. at 2362–2363). Applying *Apprendi* to this case, a charge for a cocaine base offense under 21 U.S.C. § 841(a)(1) carries a 20–year maximum sentence if no drug quantity is proven beyond a reasonable doubt. *See* 21 U.S.C. § 841(b)(1)(C). However, if Henderson is charged under 21 U.S.C. § 841(a)(1), and the government proves beyond a reasonable doubt that his offense involved 50 or more grams of crack cocaine, then Henderson faces up to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

The indictment in this case complied with *Apprendi* because it specified the drug type and quantity (in excess of 50 grams of crack cocaine) of the charge against Henderson, such that the higher penalties of 21 U.S.C. § 841(b)(1)(A) were applicable (10 years to life imprisonment). Additionally, the plea colloquy and plea agreement were consistent with *Apprendi* in indicating that the maximum penalties for a cocaine base charge alleging in excess of 50 grams of crack cocaine included life imprisonment. But the plea agreement did not specify that the government had to prove the drug quantity beyond a reasonable doubt. Similarly, the district court did not explain to Henderson that the government would have to prove beyond a reasonable doubt that his offense involved over 50 grams of crack cocaine in order to apply the higher penalties under 21 U.S.C. § 841(b)(1)(A).

After *Apprendi* was issued, but before Henderson's sentencing, the government filed a motion asking the district court to reopen the change of plea proceeding in light of *Apprendi*. According to the government, it sought to ensure that there was a sufficient factual basis to support the plea and that Henderson's plea was knowing and voluntary. Henderson objected, arguing that when he stipulated to the drug quantity in the plea agreement, he did so believing that the government could prove that quantity by a preponderance of the evidence, not beyond a reasonable doubt. Thus, according to Henderson, because the district court did not make a finding as to drug quantity at the plea hearing, *Apprendi* compels the court to impose no more than a 20–year maximum sentence (which is the maximum sentence for a cocaine base offense when no drug quantity is proven). *See* 21 U.S.C. § 841(b)(1)(C)

Over Henderson's objection, the district court concluded that he had the authority to reopen Henderson's change of plea hearing. But before proceeding further, the district court acknowledged that when Henderson entered his plea agreement, he and the government were proceeding under the mistaken belief that the government did not need to prove the drug quantity beyond a reasonable doubt. Hence, the district court offered Henderson the opportunity to withdraw his guilty plea. After consulting with his attorney, Henderson decided not to withdraw his plea. At that point, the district court reviewed the government's proffer made at the change of plea colloquy, and found that "the quantity of drugs attributable to the defendant is in excess of 1.5 kilograms of crack cocaine and that the government has established that beyond a reasonable doubt." The court then sentenced Henderson to 30 years' imprisonment, the lowest end of the 360 months-to-life guideline range. Henderson appeals.

II.

Henderson argues on appeal that the district court's decision to sentence him to a term greater than the 20–year statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C) resulted in a violation of *Apprendi*. In support of his contention, Henderson claims that the district court erroneously permitted the government to

modify the plea agreement to obtain an additional finding by the court of drug quantity, and that the district court lacked the authority to reopen the plea agreement.

Henderson's arguments are unavailing because there was no *Apprendi* violation in this case. The government was required under *Apprendi* to charge the drug quantity of 50 grams of crack cocaine in the indictment, and to prove that amount beyond a reasonable doubt. *See United States v. Gilliam*, 255 F.3d 428, 434, n. 2 (7th Cir.2001). These requirements were met in this case. The government charged the drug quantity in the indictment. In the plea agreement, Henderson and the government agreed that he faced the maximum statutory penalty of life imprisonment. And Henderson acknowledged under oath at his change of plea colloquy that he understood the plea agreement, including the fact that he faced a maximum penalty of life imprisonment. Thus, at no point in the proceedings did Henderson believe that the statutory maximum penalty for Count I was anything other than life imprisonment. *See Gilliam*, 255 F.3d at 434. Additionally, after the district court informed Henderson at his sentencing hearing that *Apprendi* now required the government to prove beyond a reasonable doubt the drug quantity charged in the indictment, Henderson declined the opportunity to withdraw his guilty plea, and thus he waived any challenge to the plea agreement. *See United States v. Davis*, 121 F.3d 335, 338 (7th Cir.1997) (the defendant's intentional relinquishment or abandonment of his right to withdraw his plea "is properly characterized as a waiver of that right.").

Furthermore, precisely because Henderson waived his right to a jury trial when he entered his guilty plea, it was the district court's prerogative to determine whether there was a sufficient factual basis for the plea. *See Gilliam*, 255 F.3d 428 at 433; *see also United States v. Parker*, 245 F.3d 974, 977 (7th Cir.2001) (by pleading guilty, the defendant waived any right to a jury trial and may not contend on appeal that any particular issue should have been submitted to a jury). Thus, the district court had the authority and responsibility to determine whether there was a sufficient factual basis to support the charge that Henderson was a member of a conspiracy that involved 50 or more grams of crack cocaine. *See United States v. Robinson*, 14 F.3d 1200, 1206–07 (7th Cir.1994) (citing Federal Rule of Criminal Procedure 11(f)). Because the court could make that determination at Henderson's sentencing hearing, there was no need to "reopen" the plea hearing. At sentencing, the court reviewed the transcript of the government's proffer that was presented at Henderson's change of plea hearing, including Henderson's admission that he was a member of a large-scale conspiracy that distributed several kilograms of crack cocaine. Based on Henderson's admission, the district court properly found that there was proof beyond a reasonable doubt that Henderson's offense involved over 1.5 kilograms of crack cocaine, which is 30 times the amount (50 grams) needed to qualify for the maximum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A). The court sentenced Henderson to 360–months' imprisonment, which is less than the statutory maximum of life imprisonment.

Because the government charged the 50 grams of crack cocaine in the indictment that raised Henderson's statutory maximum sentence to life imprisonment, and the district court properly found that Henderson's admission (that he was involved in a conspiracy that distributed several kilograms of crack cocaine) provided proof beyond a reasonable doubt that his offense involved at least 50 grams of crack cocaine, we see no *Apprendi* violation in

this case and thus AFFIRM Henderson's sentence.