**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pat ANNOH, Defendant–Appellant.**

**No. 00–2397.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 17, 2001.

Decided Aug. 22, 2001.

Before MANION, ROVNER, and EVANS, Circuit Judges.

## ORDER

■ Pat Annoh, a citizen of Ghana, pleaded guilty to one count of conspiring to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) and one count of distributing heroin in violation of 21 U.S.C. § 841(a)(1), and was sentenced to concurrent 33–month terms of imprisonment, a 5–year term of supervised release, and a $200 assessment. Annoh filed a notice of appeal, but her attorney now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers Annoh's appeal to be wholly frivolous. Although Annoh was notified pursuant to Circuit Rule 51(b) of her right to respond to counsel's motion to withdraw, she has not done so. We grant counsel's motion to withdraw and dismiss the appeal.

■ Before examining the points counsel identifies, we note that his *Anders* brief, although short, meets the standard this circuit deems acceptable. In order for an *Anders* brief to be facially adequate, it must explain " 'the nature of the case and intelligently discuss[ ] the issues that a case of the sort might be expected to involve.' " *United States v. Hamzat,* 217 F.3d 494, 501 (7th Cir.2000) (quoting *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997)); *see United States v. Edwards,*

777 F.2d 364, 366 (7th Cir.1985). We have examined the potential issues counsel has identified and reviewed the related portions of the record, and conclude that counsel's analysis of the issues he chose to discuss is reasonable. *See Tabb,* 125 F.3d at 584.

Counsel first considers whether Annoh could challenge the determination of the total amount of heroin for which she was held accountable at sentencing. At Annoh's change of plea hearing, however, she agreed with the government's proffer that she conspired to distribute 122.8 grams of heroin and distributed 24.9 grams. Because Annoh admitted under oath this relevant conduct amount, it would be frivolous for her to contest the district court's calculation of this amount. *See United States v. Parker,* 245 F.3d 974, 977 (7th Cir.2001).

■ Next, counsel explains that Annoh's base offense level was reduced by three levels for acceptance of responsibility, that she received an additional two-level decrease for meeting the requirements of the "safety valve" reduction, and that the district court sentenced her at the bottom of the appropriate guidelines range. Furthermore, counsel points out that the district court granted Annoh's motion for a downward departure based on Annoh's status as a deportable alien and thus reduced Annoh's offense level by one additional level. Counsel then questions whether in an appeal Annoh could make a non-frivolous argument that the district court should have departed further. But the degree or extent of a downward departure is generally unreviewable. *See United States v. Wallace,* 114 F.3d 652, 655 (7th Cir.1997). Accordingly, we agree with counsel that an appeal challenging this decision would be frivolous.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.