**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerald B. TEKULVE, Defendant– Appellant.**

**No. 01–2320.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 1, 2002.

Decided March 8, 2002.

Before COFFEY, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Gerald Tekulve pleaded guilty to one count of transferring a machine gun in violation of 18 U.S.C. § 922(*o*), and one count of transferring an unregistered firearm silencer with no serial number in violation of 18 U.S.C. §§ 5841(e) and 5861(d). The district court, after departing downward for Tekulve's substantial assistance to authorities, sentenced him to 15 months' imprisonment and 3 years' supervised release. In addition, Tekulve was required to permanently surrender his federal firearms license and to cease operation of his gun repair shop. Tekulve filed a notice of appeal, but his counsel now seeks to withdraw because she is unable to identify a non-frivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Tekulve did not file a response to counsel's motion, *see* Cir. R. 51(b), and counsel's brief is facially adequate, so we limit our review to the potential issues counsel identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

Counsel first considers whether Tekulve could challenge his guilty pleas on the ground that they were not knowing or voluntary. Upon our review of the plea hearing transcript, we agree with counsel that any such challenge would be frivolous.

In keeping with the requirements of Federal Rule of Criminal Procedure 11, the district court thoroughly questioned Tekulve to ensure that he understood the charges against him, the possible penalties he faced, and the rights he was forfeiting by pleading guilty. *See* Fed.R.Crim.P. 11(c). In addition, the court read through each paragraph of the plea agreement with Tekulve to make sure he understood its terms. The court also asked Tekulve whether his pleas were the result of any threats or promises outside of that agreement. *See* Fed.R.Crim.P. 11(d). As counsel points out, an issue arose during this inquiry as to whether a government agent had made promises to Tekulve regarding his sentencing. Tekulve, however, assured the court that no threats or promises had been made that induced him to plead guilty other than those in his plea agreement and that he was freely and voluntarily pleading guilty. We presume Tekulve's representations to be true. *See Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir.2000). Finally, the district court satisfied Rule 11(f) by requiring the government to proffer an adequate factual basis for its case, which Tekulve affirmed. *See Arango–Alvarez v. United States,* 134 F.3d 888, 893 (7th Cir.1998). And although at the hearing Tekulve disputed certain facts relating to the charged offenses, he admitted facts sufficient to establish the essential elements of each offense.

Counsel next considers whether Tekulve could raise a non-frivolous sentencing challenge and concludes that he could not. Again, we agree with counsel. First, counsel points out that Tekulve's prison sentence of 15 months was not unlawful because it fell well within the ten-year statutory maximum for each count. Second, counsel discusses whether Tekulve could argue that the district court incorrectly applied the sentencing guidelines

but notes that Tekulve did not object to the PSR in the district court. Indeed, our review of the sentencing hearing transcript shows that counsel expressly stated that Tekulve had no objections to the base offense level or criminal history computations contained in the PSR. Tekulve therefore has waived any challenge to those calculations. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Furthermore, we note that Tekulve stipulated to the guidelines calculations in his plea agreement. *See United States v. Fiore,* 178 F.3d 917, 925 (7th Cir.1999). Third, counsel addresses whether Tekulve could challenge the district court's decision to grant him a two-level downward departure under U.S.S.G. § 5K.1.1 rather than the four-level reduction he argued for. But, counsel correctly concludes, that challenge also would be frivolous because the degree of the court's downward departure is not reviewable. *See United States v. Wallace,* 114 F.3d 652, 655 (7th Cir.1997).

Because the potential issues identified by counsel are frivolous, we will grant counsel's motion to withdraw and dismiss the appeal. Before doing so, however, we observe that the judgment of conviction does not correctly reflect the sentences imposed by the district court on Tekulve's two convictions. Instead, the judgment suggests that the court imposed a single 15–month prison term and a single 3–year term of supervised release, rather than imposing separate sentences for each count. Having stated nothing to the contrary, the district court presumably meant to impose concurrent terms. *See* 28 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."); *see also* 28 U.S.C. § 3624(e); *United States v. Danser,* 270 F.3d 451, 454 (7th Cir.2001) ("section 3624(e) and the Sentencing Guidelines do not permit sentencing courts to impose consecutive terms of supervised release"). And thus the failure of the judgment of conviction to so specify was a clerical error that now may be remedied under Federal Rule of Criminal Procedure 36. Rule 36 permits the district court to correct "[c]lerical mistakes in judgments ... at any time." Fed.R.Crim.P. 36; *United States v. Becker,* 36 F.3d 708, 709 (7th Cir.1994). We emphasize that because there are no non-frivolous issues for appeal, the district court's judgment stands; however, this case is remanded solely for correction of the clerical error in the judgment of conviction. *See United States v. Thomas,* 774 F.2d 807, 814 (7th Cir.1985). The district court shall issue an amended judgment correcting this oversight. Counsel's motion to withdraw is therefore held in abeyance until the aforementioned clerical error is corrected, at which time the motion shall be deemed granted.