**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leon R. THOMAS, also known as Scooby, Defendant–Appellant.**

**No. 02–2325.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 25, 2002.[1]

Decided Dec. 16, 2002.

Before EASTERBROOK, RIPPLE, and CLAIRE WILLIAMS, Circuit Judges.

**ORDER**

Leon Thomas was convicted by a jury of being a felon in possession of a firearm, and bartering a stolen firearm. In his first appeal, we affirmed his convictions, but remanded to the district court for re-sentencing, holding that it was plain error for the district court to apply the homicide cross reference to Thomas's sentence. *United States v. Thomas*, 280 F.3d 1149, 1158 (7th Cir.2002). On remand, the district court sentenced Thomas to concurrent prison terms of 235 months for the possession count and 120 months for the bartering count, supervised release and a fine. Thomas's counsel filed a timely notice of appeal from this new sentence and now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she considers an appeal to be without merit or possibility of success. Thomas has responded, pursuant to Circuit Rule 51(b). Since counsel's *Anders* brief is adequate, we limit our review of the record to those potential issues proposed in counsel's brief and Thomas's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Our remand was limited to re-sentencing Thomas for unlawful possession of a weapon by a felon, so any issue arising outside re-sentencing that could have been raised in the original appeal but was not is

---

1. This appeal is successive to No. 00–3381 and the same panel has retained it for decision. After examining the briefs and record, we have concluded that oral argument is un-

necessary. Accordingly, the appeal is submitted on the briefs and the record pursuant to Federal Rule of Appellate Procedure 34(a)(2).

waived. *United States v. Parker*, 101 F.3d 527, 528 (7th Cir.1996). Therefore, we need not consider counsel's discussion of Thomas's suggested appeal based on the ineffective assistance of counsel, or whether Thomas's convictions in Georgia should be treated as functionally consolidated since he was sentenced for these crimes during the same hearing.

The issue that counsel raises that could not have been raised on the original appeal is the applicability of *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), to Thomas's *Apprendi*-based challenges. *Ring* does not present any grounds for appeal for two reasons. First, when resentencing Thomas, the district court did not apply the armed career criminal cross-reference, which was the basis of Thomas's *Apprendi* (and by extension, *Ring*) challenge. Since Thomas's new sentence does not exceed the statutory maximum sentence, *Apprendi*-based challenges are not applicable. *United States v. Parker*, 245 F.3d 974, 977 (7th Cir.2001); *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir.2000). Second, since Thomas's sentence of 235 months' imprisonment was within the appropriate range under the Sentencing Guidelines, *see Thomas*, 280 F.3d at 1158, we cannot review it. *See United States v. Johnson*, 227 F.3d 807, 816 (7th Cir.2000); *United States v. Fiore*, 178 F.3d 917, 926 (7th Cir.1999).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Thomas's appeal.